**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 14, 2011

Lyle W. Cayce
Clerk

No. 10-50721
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO BELTRAN-CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2419-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Beltran-Castro appeals the 27-month within-the-guidelines sentence imposed by the district court after his guilty plea conviction for attempted illegal reentry into the United States. He argues that the sentence is substantively unreasonable because the district court did not consider his cultural assimilation and his mental illness. He has failed to overcome the presumption of reasonableness that attaches to his within-the-guidelines sentence on appellate review. *See United States v. Campos-Maldonado*, 531 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

337, 338 (5th Cir. 2008).   The district court considered and rejected his arguments for a below-the-guidelines sentence and determined that a sentence within the advisory guidelines range was appropriate.  Beltran-Castro has not shown that the district court erred in balancing the 18 U.S.C. § 3553(a) factors; his arguments reflect a disagreement with the propriety of his sentence and the district court's weighing of the factors.  *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).   Given the deference due to a district court's consideration of the § 3553(a) factors and its reasons for the sentencing decision, Beltran-Castro has not demonstrated that his 27-month within-the-guidelines sentence is substantively unreasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Beltran-Castro asserts that the sentence is greater than necessary to meet the goals of § 3553(a) in part because U.S.S.G. § 2L1.2 lacks an empirical basis. As he acknowledges, this argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).  This court may not overrule the decision of a prior panel in the absence of en banc consideration or a superceding Supreme Court decision.  *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Beltran-Castro further contends that the sentence imposed by the district court was excessive because it failed to account for the sentence disparity between defendants sentenced in fast-track programs and those like Beltran-Castro who cannot avail themselves of such programs.  As he concedes, this argument is foreclosed by *Gomez-Herrera*, 523 F.3d at 563 & n.4, and this court may not overrule the decision of a prior panel in the absence of en banc consideration or a superceding Supreme Court decision.  *See Lipscomb*, 299 F.3d at 313 n.34.

AFFIRMED.